EGBERT *vs.* HAWK, surviving executor.

A bill in equity is not the proper remedy to compel the payment by garnishee of the moneys attached.

*Richey,* for demurrer.

*Van Syckle,* contra.

THE CHANCELLOR. This demurrer is well taken. The complainant issued an attachment out of the Circuit Court of the county of Hunterdon against Jacob D. Hawk, to recover a debt of one hundred and twenty-five dollars. The father of Jacob D. Hawk had authorized his executors to sell his real estate, and certain proceeds thereof to divide among his children. The executors sold the estate, and there was in their hands several hundred dollars, which belonged to Jacob. This was attached.

The bill is filed against the defendant, and against William D. Hawk, as the sole surviving executor. It prays that the surviving executors may be decreed to pay to the complainant, or to the auditors in attachment, the moneys in their hands due to the defendant in attachment from his father's estate.

There is an appropriate and adequate remedy given by the statute for the recovery of this money. The 34th section of the attachment act (*Nixon* 37) directs the mode of proceeding by *scire facias*. Where a resort is had to the Court of Chancery, some ground should be laid for this court's assuming jurisdiction. The statute referred to does not declare that the remedy there pointed out should be an exclusive one. There is nothing in the statute to deprive this court of jurisdiction in a proper case; but it would be inexpedient and oppressive for this court to establish the rule, that an appeal to this court in such cases is a matter of right. The remedy the statute gives is expeditious and economical, and litigation in this court in such cases ought not to be encouraged. Only two creditors have come in under the attachment. The amount altogether is about one hundred and fifty dollars. Why should the jurisdiction of this court be invoked when the statute has directed the plaintiff how to proceed to obtain the money? The bill charges that the debts of the testator have been paid, and that there remains in the hands of the executor seven thousand and thirty-six dollars and forty-nine cents. It suggests no difficulty in the way of the recovery of this money, except the refusal of the executor to pay it.

The complainant has a complete remedy at law. He shows this by his bill. The rule is, if the complainant shows by his bill that his remedy is complete and effectual at law, and sets up no particular title to the aid of a court of equity, the defendant may demur.

The bill must be dismissed with costs.